# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIAM H. BALL,<br><br>　　Plaintiff(s),<br><br>v.<br><br>PARK MGM CASINO, LLC,<br><br>　　Defendant(s). | Case No. 2:24-cv-01753-CDS-NJK<br><br>**ORDER TO SHOW CAUSE** |

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3).[1] Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

An employment plaintiff must administratively exhaust his remedies before filing suit. *See, e.g.*, *You v. Longs Drugs Stores Cal., LLC*, 937 F. Supp. 2d 1237, 1248-49 (D. Haw. 2013). Subject matter jurisdiction is lacking when the plaintiff has not exhausted his administrative remedies before filing suit. *See Lyons v. England*, 307 F.3d 1092, 1103-04 (9th Cir. 2002). The plaintiff must attach to his complaint the right to sue letter issued in relation to those administrative

---

[1] The Court addresses herein only the lack of subject matter jurisdiction. In the event Plaintiff establishes subject matter jurisdiction, the Court will then address other threshold issues, including resolving the application to proceed *in forma pauperis* and, as warranted, screening the complaint.

proceedings. *See, e.g.*, *Delaney v. Lynwood Unified School Dist.*, 2008 WL 11338726, at *3 (C.D. Cal. Apr. 7, 2008).

Plaintiff in this case is bringing suit for alleged age discrimination. *See* Docket No. 1-1. Although Plaintiff alleges that he received a right to sue letter, *see id.* at ¶ 1, he has not attached that letter as is required, *see Delaney*, 2008 WL 11338726, at *3.

Accordingly, Plaintiff is **ORDERED** to show cause in writing, by November 12, 2024, why this case should not be dismissed for lack of subject matter jurisdiction. Any such response must attach the right to sue letter as an exhibit.

IT IS SO ORDERED.

Dated: October 28, 2024

_____
Nancy J. Koppe
United States Magistrate Judge