UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

William H. Ball,

        Plaintiff

v.

Park MGM Casino, LLC,

        Defendant

Case No. 2:24-cv-01753-CDS-NJK

**Order Adopting Magistrate Judge's Report and Recommendation**

[ECF No. 17]

United States Magistrate Judge Nancy J. Koppe screened plaintiff William H. Ball's complaint and allowed his age-related employment discrimination claim against defendant Park MGM Casino, LLC to proceed. Order, ECF No. 8. Ball was ordered to serve the summons and complaint in compliance with Federal Rule of Civil Procedure 4(m) within ninety days. *Id.* at 4. Although the copy of the order mailed to Ball was not returned, two subsequent items were undeliverable as addressed.[1] ECF Nos. 13, 14. Judge Koppe then ordered Ball to notify the court of his current address, in compliance with Local Rule IA 3-1 ("pro se party must immediately file with the court written notification of any change of mailing address"), no later than February 25, 2025. ECF No. 16. That order was also mailed to Ball, it has not been returned. Neither has Judge Koppe's March 3, 2025 report and recommendation. R&R, ECF No. 17. There, Judge Koppe recommends dismissal without prejudice due to Ball's failure to comply with the court's orders. *Id.* Ball had until March 17, 2025, to file any specific written objections to the magistrate judge's

---

[1] Ball's mail has also been returned as undeliverable and he has failed to respond to the court's orders to update his address in additional cases he filed in this district. *See* ECF No. 9 in *Ball v. Equifax Info. Servs.*, 2:24-cv-01449-GMN-NJK; ECF No. 19 in *Ball v. NP Sunset LLC*, 2:24-cv-01450-CDS-NJK; ECF No. 21 in *Ball v. NP Boulder LLC*, 2:24-cv-01451-CDS-NJK; ECF No. 23 in *Ball v. Station GVR Acquisition*, 2:24-cv-01453-CDS-NJK; ECF Nos. 9, 10 in *Ball v. Palms Casino and Resort LLC*, 2:24-cv-01454-CDS-NJK; ECF No. 20 in *Ball v. NP Palace LLC*, 2:24-cv-01455-CDS-NJK; ECF Nos. 10, 11 in *Ball v. Circa Hotel and Casino, LLC*, 2:24-cv-01457-CDS-NJK; ECF No. 11 in *Ball v. New York New York Hotel and Casino LLC*, 2:24-cv-01458-CDS-NJK; ECF No. 10 in *Ball v. Ramparts, LLC*, 2:24-cv-01754-CDS-NJK; ECF No. 10 in *Ball v. Tuscany Hotel and Casino, LLC*, 2:24-cv-01756-CDS-NJK; ECF No. 12 in *Ball v. Oyo Hotel & Casino, LLC*, 2:24-cv-01757-CDS-NJK.

findings and recommendations (citing Local Rule IB 3-2(a) (stating that parties wishing to object to an R&R must file specific written objections within fourteen days)); *see also* 28 U.S.C. § 636(b)(1) (same). *Id.* at 2. As of the date of this order, Ball has neither objected, updated his address, nor otherwise responded in any way. Because no review is required of a magistrate judge's report and recommendation unless objections are filed, I adopt it here. *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

The R&R informally addresses some of the *Thompson v. Housing Authority of the City of Los Angeles* dismissal factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." 782 F.2d 829, 831 (9th Cir. 1986). I adopt the R&R's consideration of these factors and expand upon them here, finding that they weigh in favor of dismissal.

Not only has Ball failed to follow the magistrate judge's orders, but he has also failed to serve the summons and complaint. Federal Rule of Civil Procedure 4(c)(1) makes it clear that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed under Rule 4(m)." The court cannot expeditiously resolve a case if the plaintiff fails to fulfill his obligations in prosecuting an action. That is why it has long been recognized that the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate. *Thompson*, 782 F.2d at 831.

As to the risk of prejudice to the defendants, Rule 4(m) requires service of the summons and complaint to be completed within ninety days of the complaint's filing, and "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Ball has not offered any excuse for his failure to comply with Rule 4(m), which has caused an unexplained and

unreasonable delay; and "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (recognizing that "a presumption of prejudice arises from a plaintiff's unexplained failure to prosecute," but finding that the plaintiff provided a non-frivolous explanation for his lack of diligence).

The fourth factor, the public policy favoring disposition of cases on their merits, always weighs against dismissal. But this case cannot move toward resolution, on the merits or otherwise, due to Ball's failure to serve the defendant. As the plaintiff in this action, it is Ball's responsibility to move the case toward disposition on the merits. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (observing that it is the responsibility of the moving party to move toward disposition on the merits). Thus, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006). I therefore find that the fourth factor is greatly outweighed by the factors favoring dismissal.

As Judge Koppe noted, sanctions less drastic than dismissal are unavailable here. ECF No. 17 at 1. First, this litigation cannot move forward without service of process, and Ball was warned that his failure to comply would result in dismissal. ECF Nos. 16, 18. Second, no lesser sanction is available when a court cannot contact a plaintiff to discuss the alternatives; and issuing another order is not a meaningful alternative in this circumstance. *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail.").

# Conclusion

Because Ball has failed to comply with court orders, has not demonstrated that service has been effectuated in the time prescribed by Rule 4(m), and has not objected to the recommendation of dismissal, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 17] is adopted in full**, and this case is **dismissed without prejudice.**

The Clerk of Court is kindly directed to enter judgment accordingly, and to close this case.

Dated: March 25, 2025

_____
Cristina D. Silva
United States District Judge